OPINION
{¶ 1} On February 24, 2001, appellant, Darci Price, was a passenger in a vehicle being driven by Justin Ayers. Mr. Ayers lost control of the vehicle and appellant sustained serious injuries.
 {¶ 2} At the time of the accident, appellant's mother, Kelly Price, was employed by the George P. Frueh Co., Inc. Said company was insured by appellee, Great Oaks Insurance Company, under a commercial automobile policy (No. BA-9A9673) and a commercial umbrella policy (No. BEC 9A-9673).
 {¶ 3} On April 19, 2001, appellant, together with her parents, George and Kelly Price, filed an amended complaint seeking underinsured motorist benefits under appellee's policies. Both parties filed motions for summary judgment. By judgment entry filed April 3, 2002 and nunc pro tunc judgment entry filed May 3, 2002, the trial court found appellants did not qualify as insureds under the policies pursuant to a January 1, 2001 endorsement, No. CA21330900, and granted appellee's motion for summary judgment.
 {¶ 4} Appellants filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 {¶ 5} "THE TRIAL COURT ERRED IN FINDING THAT UNDERINSURED MOTORIST COVERAGE WAS UNAVAILABLE TO APPELLANTS UNDER THE COMMERCIAL AUTOMOBILE POLICY ISSUED BY APPELLEE GREAT OAKS INSURANCE COMPANY TO GEORGE P. FRUEH CO., INC."
II
 {¶ 6} "THE TRIAL COURT ERRED IN FINDING THAT UNDERINSURED MOTORIST COVERAGE WAS UNAVAILABLE TO APPELLANTS UNDER THE COMMERCIAL UMBRELLA POLICY ISSUED BY APPELLEE GREAT OAKS INSURANCE COMPANY TO THE GEORGE P. FRUEH CO., INC."
 I, II {¶ 7} Appellants claim the trial court erred in finding no coverage under the policies. Specifically, appellants claim the trial court determined the wrong endorsement applied, No. CA21330900, as opposed to No. CA21331297. We disagree.
 {¶ 8} The issue in this case is which endorsement applies to the commercial automobile policy sub judice?
 {¶ 9} The commercial automobile policy was issued on January 1, 1992 for a one year policy period. Thereafter, the policy was renewed on an annual basis up through January 1, 2001 to January 1, 2002. Endorsement No. CA21331297 was part of the policy from January 1, 1999 to January 1, 2001. On January 1, 2001, Endorsement No. CA21330900 was added to the policy. The prior endorsement's definition of an "insured" was identical to the ambiguous definition in Scott-Pontzer v. LibertyMutual Fire Insurance Company (1999), 85 Ohio St.3d 660. The latter endorsement changed the definition of an "insured" to clarify what people are insured if the "named insured" is an organization or corporation.
 {¶ 10} Appellants argue the prior endorsement controls because the policy is subject to the two year guarantee period of R.C. 3937.31 and therefore cannot be unilaterally changed by the insurer within the two year period. Said section governs "Casualty Insurance; Motor Vehicle Insurance Cancellation and Nonrenewal of Automobile Insurance." Subsection (A) provides "[e]very automobile insurance policy shall be issued for a period of not less than two years or guaranteed renewable for successive policy periods totaling not less than two years. * * *"
 {¶ 11} In support of their argument, appellants cite the case ofWolfe v. Wolfe, 88 Ohio St.3d 246, 2000-Ohio-322, wherein the Supreme Court of Ohio held the following at syllabus:
 {¶ 12} "1. Pursuant to R.C. 3937.31(A), every automobile liability insurance policy issued in this state must have, at a minimum, a guaranteed two-year policy period during which the policy cannot be altered except by agreement of the parties and in accordance with R.C. 3937.30 to 3937.39.
 {¶ 13} "2. The commencement of each policy period mandated by R.C. 3937.31(A) brings into existence a new contract of automobile insurance, whether the policy is categorized as a new policy of insurance or a renewal of an existing policy.
 {¶ 14} "3. The guarantee period mandated by R.C. 3937.31(A) is not limited solely to the first two years following the initial institution of coverage."
 {¶ 15} Pursuant to R.C. 3937.31 and Wolfe, appellants argue Endorsement No. CA21330900, added to the policy on January 1, 2001, was not added at the beginning of a two year policy period (January 1, 2000) and is therefore invalid.
 {¶ 16} In contrast, appellee argues R.C. 3937.31 and Wolfe do not apply herein because the commercial automobile policy is not an "automobile insurance policy" for purposes of R.C. 3937.31 as defined in R.C. 3937.30:
 {¶ 17} "As used in sections 3937.30 to 3937.39
of the Revised Code, `automobile insurance policy' means an insurance policy delivered or issued in this state or covering a motor vehicle required to be registered in this state which:
 {¶ 18} "(A) Provides automobile bodily injury or property damage liability, or related coverage, or any combination thereof;
 {¶ 19} "(B) Insures as named insured, any of the following:
 {¶ 20} "(1) Any one person;
 {¶ 21} "(2) A husband and wife resident in the same household;
 {¶ 22} "(3) Either a husband or a wife who reside in the same household if an endorsement on the policy excludes the other spouse from coverage under the policy and the spouse excluded signs the endorsement. Nothing in this division (B)(3) shall prevent the issuance of separate policies to each spouse or affect the compliance of the policy with Chapter 4509. of the Revised Code as to the named insured or any additional insured.
 {¶ 23} "* * *
 {¶ 24} "(D) Does not insure more than four motor vehicles;"
 {¶ 25} In Zurcher v. National Surety Corporation, Stark App. No. 2001CA00197, 2002-Ohio-901, this court reviewed this identical issue and found the policy insured more than four motor vehicles. As a result, the policy was not an "automobile insurance policy" for purposes of R.C.3937.31(A) and the two year guarantee period did not apply.
 {¶ 26} The commercial automobile policy sub judice insures more than four motor vehicles. Based upon our holding in Zurcher, we find R.C. 3937.31(A) does not apply and Endorsement No. CA21330900 controls.
 {¶ 27} In considering the definition of an "insured" under said endorsement, the trial court found appellants did not qualify as insureds. We agree.
 {¶ 28} Pursuant to Endorsement No. CA21330900, an "insured" under the policy is defined as follows:
 {¶ 29} "If the Named Insured is designated in the Declarations as:
 {¶ 30} "* * *
 {¶ 31} "2. A partnership, limited liability company, corporation or any other form of organization, then the following are `insureds':
 {¶ 32} "a. Anyone `occupying' a covered `auto' or a temporary substitute for a covered `auto'. The covered `auto' must be out of service because of its breakdown, repair, servicing, `loss' or destruction.
 {¶ 33} "b. Anyone for damages he or she is entitled to recover because of `bodily injury' sustained by another `insured'." See, Endorsement No. CA21330900, Section B, attached to Appellant's Brief as Exhibit C.
 {¶ 34} The policy identifies the named insured as "George P. Frueh Company, Inc.," a corporation. See, Joint Stipulations filed October 5, 2001 at ¶ 6. The Declarations page of the policy, attached to appellee's brief as Exhibit A, identifies the covered autos in "Item Three — Schedule of Covered Autos You Own." The vehicle Darci was traveling in was not one of the covered autos listed, therefore, appellants are not insureds under the policy.
 {¶ 35} As for the commercial umbrella policy, No. BEC 9A-9673, we concur with the trial court's finding that because appellants "do not qualify as insureds under the underlying business auto policy," they do not qualify as insureds under the commercial umbrella policy. Because no underlying coverage is available, excess coverage is unavailable. See, Section I(3) and Section II of the Commercial Umbrella Liability Policy and Endorsement No. BC-7140, attached to Appellee's Brief as Exhibit D.
 {¶ 36} Assignments of Error I and II are denied.
 {¶ 37} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By Farmer, J., Hoffman, P.J. and Edwards, J. concur.
topic: two year guarantee period did not apply — latter endorsement controls; RC 3937.31, 3937.30